MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2019 ME 46
Docket:      Pen-18-195
Argued:      February 5, 2019
Decided:     March 28, 2019

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

KEVIN ROBINSON

SAUFLEY, C.J.

[¶1]  Kevin Robinson appeals from a judgment of conviction entered by the trial court (Penobscot County, *Jordan, J.*) after a jury found him guilty of two counts of aggravated trafficking of scheduled drugs (Class A), 17-A M.R.S. § 1105-A(1)(B)(1) (2018).  Robinson challenges the court's initial instructions to the jury and the process employed in the polling of the jurors.  We affirm the judgment.

[¶2]  Robinson was charged with two counts of aggravated trafficking of scheduled drugs based on allegations that he twice sold cocaine to a confidential informant and had one or more prior convictions of drug crimes. *See id.*  As is a common practice, Robinson, with the advice of counsel, initially stipulated to the existence of a prior conviction in another state "for engaging

2

in substantially similar conduct to" a Maine Class A, B, or C drug offense. *Id.* § 1105-A(1)(B). On the second day of trial, however, Robinson determined that, rather than stipulating to a prior conviction or waiving the right to a jury trial on that question and having the court serve as fact-finder, he wanted to have the allegation of a prior conviction tried to the jury.

[¶3] Consistent with Maine Rule of Unified Criminal Procedure 26(e), the court bifurcated the jury trial so that the jury would not receive evidence regarding the prior conviction unless and until the jury found him guilty of either of the new charges.[1] At the end of the first segment of the trial—the trial on whether Robinson unlawfully trafficked in scheduled drugs—the jury found Robinson guilty of both counts. With the same jury, the court then held a trial on the allegation of a prior conviction, and the jury determined that Robinson had been convicted of the prior crime. *See* M.R.U. Crim. P. 26(e); *State v. Hastey*, 2018 ME 147, ¶ 29 & n.19, 196 A.3d 432. The process employed by the court, notwithstanding Robinson's mid-trial change of mind, was consistent with

---

[1] "In a trial to a jury in which the prior conviction is for a crime that is identical to the current principal crime or is sufficiently similar that knowledge of the fact that the defendant has been convicted of the prior crime may, in the determination of the presiding justice, unduly influence the ability of the jury to determine guilt fairly, that portion of the charge alleging the prior conviction shall not be read to a jury until after conviction of the principal crime, nor shall the defendant be tried on the issue of whether he or she was previously convicted until after conviction of the principal crime, unless the prior conviction has been admitted into evidence for another reason." M.R.U. Crim. P. 26(e).

court rules and effective jury management, and is not challenged by Robinson on appeal.

[¶4]   Robinson does, however, challenge the court's use of the term "aggravated" in informing the jury of each charge at the beginning of trial. Robinson neither asked the court not to use that term nor objected when the court referred to the charges as aggravated trafficking.  Thus, we review for obvious error.  *See State v. Fox*, 2014 ME 136, ¶ 22, 105 A.3d 1029.

[¶5]   Reviewing the court's introductory remarks to the jury in their entirety, the court's use of the term "aggravated" in one sentence did not constitute obvious error affecting Robinson's substantial rights.  *See id.* Trafficking may be "aggravated" by many factors other than the existence of a prior conviction; during the first phase of the trial, the jury received no explanation about what "aggravated" meant in this case; and Robinson himself

4

insisted that other evidence revealing his prior incarceration be admitted at trial.[2] *See* 17-A M.R.S. § 1105-A(1)(A), (C-1) to (L) (2017).[3]

[¶6] Robinson next contends that the court committed obvious error in polling the jury only after the jury had reached its verdicts in both segments of the trial. Contrary to his contention, the timing of the polling was not inappropriate given that Robinson did not request polling immediately after the jury found him guilty of the principal crimes of unlawful trafficking and that the court polled the jury before the verdicts were recorded, as required by M.R.U. Crim. P. 31(c).

[¶7] To the extent that Robinson also challenges the manner of the court's polling, the questions posed to the jurors were clear; each juror had the individual opportunity to be heard if the juror disagreed with either verdict on the principal crimes or the verdict finding a prior conviction; and there was no suggestion, either before or during the polling process, of juror disagreement.

---

[2] When the State offered in evidence a brief portion of Robinson's interview with a law enforcement official, Robinson personally, after receiving the advice of counsel, insisted that the entire interview be provided to the jury. *See* M.R. Evid. 106. In that interview, Robinson stated that he could not "do more time," that he could not "go back," and that he "did time in Connecticut from 2011 to now."

[3] This statute has since been amended to expand the circumstances that may result in an aggravated trafficking charge. *See* P.L. 2017, ch. 460, §§ F-2, F-3 (effective July 9, 2018) (codified at 17-A M.R.S. § 1105-A(1)(K)-(M) (2018)).

*See State v. Marques*, 2000 ME 43, ¶¶ 17-22, 747 A.2d 186.  Finally, the court was not authorized or required to inquire separately into the jurors' deliberations by asking the jurors whether they felt "coerced" by other jurors.[4] *See id.* ¶¶ 21-22; *State v. Neron*, 519 A.2d 197, 200 (Me. 1986); *cf.* M.R. Evid. 606(b) (addressing post-verdict actions and prohibiting most inquiry into the validity of a verdict).

The entry is:

Judgment affirmed.

---

[4] Even if Robinson had asked for such an inquiry, it would not have been justified here.  Only in the most extraordinary circumstances would a court inquire of a juror regarding deliberations.  Specifically, during an inquiry into the validity of a verdict or indictment,

[a] juror may testify about whether:

**(A)** Extraneous prejudicial information was improperly brought to the jury's attention; or

**(B)** An outside influence was improperly brought to bear on any juror.

M.R. Evid. 606(b)(2); *see State v. Leon*, 2018 ME 70, ¶ 10, 186 A.3d 129; *see also United States v. Birchette*, 908 F.3d 50, 55-58 (4th Cir. 2018) (discussing the reasons for the strict limitations on inquiring into jury deliberations and holding that juror testimony about a juror's race-based prejudice could be considered only if it was a "significant motivating factor" in the decision to convict (quotation marks omitted)); *United States v. Herndon*, 156 F.3d 629, 635 (6th Cir. 1998) (holding that "extraneous influences" on a jury include "a bribe attempt on a juror" and "newspaper articles and media attention"); *State v. Northcutt*, 358 P.3d 179, 181, 183 (Mont. 2015) (holding that jurors could submit affidavits averring, as an outside influence, that the trial judge had approached the jury room and asked whether a verdict would be reached that night).

Jeffrey C. Toothaker, Esq. (orally), Ellsworth, for appellant Kevin Robinson

Janet T. Mills, Attorney General, John P. Risler, Asst. Atty. Gen., and Katie Sibley, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee State of Maine

Penobscot County Unified Criminal Docket docket number CR-2017-342
FOR CLERK REFERENCE ONLY